IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES H. MIDKIFF, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 2:10-cv-00618

CEQUEL III COMMUNICATIONS I, LLC

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant's Motion for Summary Judgment [Docket 36]. The court will not consider the plaintiffs' Memorandum in Opposition to the Defendant's Motion for Summary Judgment [Docket 41] because it was submitted after the time allowed for response. The court **FINDS** that there is a genuine issue of material fact regarding whether the defendant's alleged negligence proximately caused the damage to the plaintiffs' house. For the reasons discussed below, the defendant's Motion for Summary Judgment is **DENIED**.

**I.    Background**

    A.    *Facts*

On December 9, 2009, the plaintiffs' home was destroyed by a fire. The plaintiffs allege that the fire was the result of a "high voltage electric power utility transmission line" falling and coming into "contact with . . . [the] cable system wiring and apparatus which was connected into Plaintiffs' home." (Compl. [Docket 1-1], at ¶ 11.) Specifically, the plaintiffs claim that the defendant, Cequel III Communications I, LLC ("Cequel"), had failed to properly maintain the

cable line that was connected to the house because the cable line was ungrounded. (*Id.* at ¶¶ 14-15.) According to the plaintiffs, when the transmission line fell on the ungrounded cable line, the surge of electricity caused the plaintiffs' home to catch fire. (*Id.* at ¶ 15).

    B.    *Procedural History*

On March 23, 2010, the case was filed in the Circuit Court of Lincoln County, West Virginia, and the defendant removed the case on April 23, 2010, to this court. (Notice of Removal [Docket 1], at 1.) On July 25, 2011, the defendant filed a Motion for Summary Judgment. (Mot. Summ. J. [Docket 36].) The Motion is now ripe for review.

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Analysis

The plaintiffs assert that the defendant's negligence proximately caused the fire in their home. (Compl. [Docket 1-1], at ¶¶ 15-17.) In its Memorandum in Support of Defendant's Motion for Summary Judgment, the defendant claims that it is entitled to summary judgment because the plaintiff has not established proximate causation. (Mem. in Support of Mot. Summ. J. [Docket 37], at 1.) Specifically, the defendant claims that the plaintiffs "cannot demonstrate that any alleged improper conduct by Cequel was the proximate cause of the subject fire." (*Id*. at 11.)

In West Virginia, "questions of proximate cause are often fact-based issues reserved for jury determination." *Mays v. Chang*, 213 W. Va. 220, 224 (2003). Courts have emphasized that "[q]uestions of negligence, due care, proximate cause, and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." *Id*. (quoting *Hatten v. Mason Realty, Co.*, 148 W. Va. 380 (1964)).

In this case, when the circumstantial evidence is viewed in the light most favorable to the plaintiffs, there is sufficient evidence to create a genuine issue of material fact on the proximate

cause issue. In his deposition, Mr. Midkiff testified that he was at his home eating lunch when he heard a loud explosion and subsequently found that the back bedroom was on fire. (Mem. in Support of Mot. Summ. J. [Docket 37], at 4.) Mrs. Midkiff stated in her deposition that she heard a loud explosion, found smoke in her basement, and discovered that the phone lines to her house were dead. (*Id.* at 5.) Additionally, their neighbor, Mr. Smith, testified that he saw that the power and cable lines had "been snapped by a tree falling on them." (*Id.*) Mr. Smith also testified that he later found a ten-foot cable on his neighbor's property. (*Id.*) Finally, the plaintiff's expert, Mr. Buchanan, has testified that this cable was ungrounded. (*Id.* at 6.)

The court **FINDS** that this evidence creates a genuine issue of material fact on the issue of whether the defendant's alleged negligence proximately caused the damage to the plaintiffs' house. Accordingly, the court **DENIES** the defendant's Motion for Summary Judgment.

**IV. Conclusion**

For the reasons discussed above, the court **FINDS** that there is a genuine issue of material fact as to whether the defendant's actions proximately caused the destruction of the plaintiffs' home. The defendant's Motion for Summary Judgment [Docket 37] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 12, 2011

Joseph R. Goodwin, Chief Judge